ECORSE SCREW MACHINE PRODUCTS COMPANY
*v.* CORPORATION & SECURITIES COMMISSION.

1. CORPORATIONS—STOCK SUBSCRIPTION—PAID-UP CAPITAL—ANNUAL
FRANCHISE FEE.

Stock of corporation, subscribed but not paid in on date when
annual franchise fee accrued, cannot be considered as paid-up
capital to be used as a base for determining annual franchise
fee (CL 1948, § 450.304, as amended by PA 1959, No 276).

2. SAME—STOCK SUBSCRIPTION—SURPLUS—ANNUAL FRANCHISE FEE.

Stock of corporation, subscribed but not paid in, does not come
within term *surplus* as the term is applied in the statute pro-
viding for imposition of annual franchise fee based on paid-up
capital and surplus (CL 1948, § 450.304, as amended by PA
1959, No 276).

3. SAME—STOCK SUBSCRIPTION—TRANSFER OF PARTNERSHIP ASSETS
AFTER TAX DAY.

Stock of corporation which was formed to take over assets of
partner-incorporators *held,* not subject to annual franchise fee
imposed on corporations, where stock had merely been sub-
scribed but not paid in by transfer of partnership assets to
the corporation until after date when such annual privilege
fee accrued (CL 1948, § 450.304, as amended by PA 1959,
No 276).

4. STATUTES—CONSTRUCTION OF REVENUE STATUTES.

Revenue statutes must be construed in doubtful cases against
the government and in favor of the taxpayer.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 18 Am Jur 2d, Corporations §§ 41, 208; 33 Am Jur, Licenses
§§ 32, 49.
[4] 50 Am Jur, Statutes §§ 217, 391, 397.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

5. COSTS—PUBLIC QUESTION—TAXATION—STOCK SUBSCRIPTION.

No costs are allowed on appeal from Court of Appeals reversing
determination of corporation tax appeal board's affirmance
of corporation and securities commission of annual franchise
fee on stock subscription of new corporation, a public ques-
tion being involved (CL 1948, § 450.304, as amended by PA
1959, No 276).

Appeal from Court of Appeals, Division 1; Lesin-
ski, C. J., Burns and Watts, JJ., reversing Corpo-
ration Tax Appeal Board. Submitted June 8, 1966.
(Calendar No. 3, Docket No. 51,333.) Decided Oc-
tober 4, 1966.

1 Mich App 414, affirmed.

Ecorse Screw Machine Products Company ap-
pealed a redetermination of their annual privilege
fee by the Corporation and Securities Commission to
the Corporation Tax Appeal Board. Annual privi-
lege fee affirmed. Findings reversed by Court of
Appeals . Defendant appeals. Affirmed. Findings
of Corporation Tax Appeal Board reversed.

*Coy & Iannelli,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *T. Carl Holbrook* and
*William D. Dexter,* Assistant Attorneys General, for
defendant.

SMITH, J. Leave was granted from a decision of
the Court of Appeals which decision is fully reported
in 1 Mich App 414. The facts are stated in that
report and need not be repeated in full. It is suf-
ficient to note that plaintiff filed articles of incor-
poration December 22, 1959, with authorized capital
stock of 50,000 shares having a par value of $10
per share. In its annual report filed with the com-

mission on or about May 15, 1960, plaintiff listed assets as of the tax date, December 31, 1959, consisting solely of stock subscriptions receivable in the amount of $350,000 (35,000 shares at $10 per share). A corresponding entry was made on the liability side of the report showing $350,000 for capital stock subscribed. The stock was paid up on or about February 1, 1960. The question is (as it was in the Court of Appeals) whether stock subscribed for but not paid up may be considered paid-up capital or surplus and thus subject to the annual corporate privilege tax under CL 1948, § 450.304, as amended by PA 1959, No 276 (see Stat Ann 1959 Cum Supp § 21.205), which reads, in pertinent part, as follows:

"Every * * * profit organization organized or doing business under the laws of this state, * * * shall pay, at the time of filing the annual report with the Michigan corporation and securities commission * * * an annual fee of *5 mills upon each dollar of its paid-up capital and surplus,* but such franchise fee shall in no case be less than $10.00." (Emphasis supplied.)

We affirm the decision of the Court of Appeals insofar as it holds that stock subscribed for but not paid up is neither paid-up capital nor surplus within the meaning of the cited statute, under circumstances presented by such a skimpy record.

The statute does not, by reasonable construction, cover this situation, where the partners in a partnership are in a transitional phase at tax time, the articles of incorporation having been filed and stock subscribed for by the partners-incorporators, and the partnership assets not having been transferred from the partnership to the corporation (in satisfaction of the partners-incorporators stock subscriptions). No violence should be done to the well-

settled meanings of "paid-up capital" and "surplus" by heavy-handed judicial construction; this is a matter which must await legislative clarification.

What is more, in doubtful cases, revenue statutes must be construed against the taxing authority. *Consumers Power Company* v. *Corporation and Securities Commission,* 326 Mich 643 (16 ALR2d 1084).

Affirmed. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J., concurred in the result.