616 N.W.2d 161 (2000)
Kevin GILBERT, Rodney L. Kerber, Rodney D. Kerber, and Farm Bureau Mutual Insurance Company, Plaintiffs-Appellees,
v.
SECOND INJURY FUND (Dual Employment Provisions), Defendant-Appellant.
Docket No. 115393, COA No. 206733.
Supreme Court of Michigan.
September 13, 2000.
On order of the Court, the application for leave to appeal from the August 13, 1999, decision of the Court of Appeals is considered, and, in lieu of granting leave to appeal, we VACATE the Court of Appeals decision and REMAND to the Court of Appeals for reconsideration in light of Sun Valley Foods Co. v. Ward, 460 Mich. 230, 596 N.W.2d 119 (1999) and Tyler v. Livonia Public Schools, 459 Mich. 382, 590 N.W.2d 560 (1999).
In Sun Valley, this Court stated:
The rules of statutory construction are well established. The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide the most reliable evidence of its intent. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.... Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent.... [Id. at 236, 596 N.W.2d 119 (citations and internal quotations omitted).]
Moreover, in Tyler, we explained:
Our role as members of the judiciary is not to determine whether there is a "more proper way," that is, to engage in judicial legislation, but is rather to determine the way that was in fact chosen by the Legislature. It is the Legislature, not we, who are the people's representatives and authorized to decide public policy matters such as this. To comply with its will, when constitutionally expressed in the statutes, is our duty. [Id. at 393 n. 10, 590 N.W.2d 560.]
Without noting any ambiguity in the statutory language, the Court of Appeals decided not to apply M.C.L. § 418.372(2); MSA 17.237(372)(2) because it did not *162 think that the statutory purpose would be advanced. This mode of analysis contravened the judiciary's limited role of complying with the will of the Legislature as reflected in the plain language of statutes.
On remand, the Court of Appeals shall follow the principles articulated in Sun Valley and Tyler, and shall take note of People v. McIntire, 461 Mich. 147, 156, fn. 8, 599 N.W.2d 102 (1999), in which we discussed the problems inherent in the so-called "absurd result" rule of statutory construction. The Court of Appeals must begin by examining the literal language of M.C.L. § 418.372(2); MSA 17.237(372)(2). If it is unambiguous, then the court shall apply the statute as written. The court may engage in judicial construction only if it determines that the statutory language is ambiguous.
We do not retain jurisdiction.
MICHAEL F. CAVANAGH, J., would grant or deny leave to appeal.
MARILYN J. KELLY, J., would deny leave to appeal.