633 N.W.2d 824 (2001)
DAN DE FARMS, INC., Plaintiff-Appellant,
v.
STERLING FARM SUPPLY, INC., State of Michigan Department of Agriculture, and Michigan Millers Insurance Co., Defendants-Appellees.
Docket No. 118543, COA No. 217413.
Supreme Court of Michigan.
September 18, 2001.
On order of the Court, the application for leave to appeal from the January 12, 2001, decision of the Court of Appeals, is considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, the Court of Appeals decision is VACATED and the case is REMANDED to that Court for reconsideration in light of Sun Valley Foods Co. v. Ward, 460 Mich. 230, 596 N.W.2d 119 (1999). Reported below: 244 Mich.App. 278, 625 N.W.2d 393 (2001).
In Sun Valley, this Court stated:
"The rules of statutory construction are well established. The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide the most reliable evidence of its intent. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. * * * Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." [Id. at 236, 596 N.W.2d 119 (citations and internal quotations omitted).]
Without finding an ambiguity in the statutory language, the Court of Appeals considered extra-textual "evidence" of intent, including legislative history. On remand, the Court of Appeals is to follow the principles articulated in Sun Valley. The Court of Appeals must begin by examining the language of M.C.L. § 285.67a(1). If it is unambiguous, then the Court is to apply the statute as written. The Court may engage in further judicial construction only if it determines that the statutory language is ambiguous.
We do not retain jurisdiction.