643 N.W.2d 233 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Tommy D. THOMASON, Defendant-Appellant.
No. 118084, COA No. 209420.
Supreme Court of Michigan.
May 3, 2002.
On September 25, 2001, we directed the prosecutor to file a response to the defendant's *234 application for leave to appeal from the September 19, 2000, decision of the Court of Appeals. That response and the defendant's reply have been filed. The delayed application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to remand is DENIED.
MARILYN J. KELLY, J., dissents and states as follows:
Defendant appeals from his convictions of two counts of CSC-I, arguing that he was not adequately advised of the dangers of self-representation as required by MCR 6.005(D) and People v. Anderson, 398 Mich. 361, 247 N.W.2d 857 (1976). Although the prosecution chose not to respond to the application, this Court extended special treatment to the prosecution, allowing it a second opportunity.
Despite the Court's explicit direction to answer defendant's allegation regarding the adequacy of the trial court's warning, the prosecution did not specifically address the issue. Nonetheless, the majority has decided to deny leave.
It is clear to me that the trial court failed to comply with the procedural requirements for waiving counsel. The prosecution's response not only does not contest this point, it does not provide a persuasive reason for ignoring the error.
The trial court's failure to advise defendant of the dangers of self-representation has serious implications regarding the defense presented. The Court of Appeals decided that the failure to advise defendant of the dangers of self-representation was harmless because defendant was represented by counsel during trial. However, defendant was not represented during the crucial period of pretrial preparations.
The error may not have been harmless. Under the facts of this case, a reasonable possibility may exist that the failure to advise defendant of the dangers of self-representation contributed to his conviction. Specifically, it may have prevented preparation of a defense in response to the testimony of the prosecution's expert witness, which was crucial to establishing the credibility of the victim. Because defendant was acting in propria persona from the time the prosecution moved to endorse its expert witness until the jury voir dire, the defense did not have an opportunity to prepare and present contrary expert testimony.
I would grant leave to consider whether the judge's error was harmless.