643 N.W.2d 233 (2002)
Shanti PICCALO, Plaintiff-Appellee,
v.
Gillian NIX, Defendant-Appellant.
No. 119778, COA No. 212752.
Supreme Court of Michigan.
May 3, 2002.
On order of the Court, the application for leave to appeal from the May 15, 2001, decision of the Court of Appeals is considered, and, in lieu of granting leave to appeal, we VACATE the Court of Appeals decision and REMAND to the Court of Appeals for reconsideration in light of People v. McIntire, 461 Mich. 147, 155-156, n. 2, 599 N.W.2d 102, (1999) (rejecting the so-called "absurd result" rule of statutory construction) and Gilbert v. Second Injury Fund, 463 Mich. 866, 616 N.W.2d 161 (2000) (citing proper rules of statutory construction). The Court of Appeals decided that M.C.L. § 600.2955a(1) did not apply to this case because it would produce an absurd result. On remand, the Court of Appeals shall construe M.C.L. § 600.2955a(1) consistent with the principles articulated in McIntire and Gilbert. In rendering its opinion on remand the Court of Appeals shall view the evidence and all legitimate inferences in the light most favorable to defendant, Forge v. Smith, 458 Mich. 198, 204, 580 N.W.2d 876 (1998), and determine whether there was sufficient evidence to show that plaintiff was fifty percent, or more, the cause of the accident or event that resulted in the injury.
Markman, J., states as follows:
Because I agree with the dissenting judge in the Court of Appeals that it is "not absurd that [MCL 600.2955a(1) ] applies even when the illegal conduct is facilitated by the alleged tortfeasor," I would also vacate the Court of Appeals decision and remand to that court for reconsideration.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would grant leave to appeal.