648 N.W.2d 646 (2002)
467 Mich. 857
DAN DE FARMS, Plaintiff-Appellant,
v.
STERLING FARM SUPPLY, INC., Department of Agriculture, and Michigan Millers Insurance Company, Defendants-Appellees.
Docket No. 120665, COA No. 217413.
Supreme Court of Michigan.
August 1, 2002.
On order of the Court, the application for leave to appeal from the December 4, 2001 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND the case to the Court of Appeals for further consideration and issuance of a new opinion. After our previous remand to the Court of Appeals, that court concluded that the statutory language of M.C.L. § 285.67a(1) was ambiguous. However, nowhere in its opinion on remand has the Court of Appeals identified the specific language of the statute which is allegedly ambiguous or explained how or why that language is ambiguous. Pursuant to the instant remand, the Court of Appeals shall *647 do so and issue an opinion resolving this concern.
We do not retain jurisdiction.
CAVANAGH, J. (dissenting).
I dissent from yet another remand. The Court of Appeals found the statute involved here to be ambiguous "with regard to whether the bonding requirements of that statute apply to all grain dealers for all transactions or is limited to warehouse receipt transactions for bailed grain." That Court's original six page opinion and the six page opinion on remand are sufficiently clear, in my view, to warrant a denial of leave in this matter.
KELLY, J., joins in the statement of CAVANAGH, J.