671 N.W.2d 535 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
David Anthony GUERRA, Defendant-Appellant.
Docket No. 123935, COA No. 223402.
Supreme Court of Michigan.
November 21, 2003.
On order of the Court, the delayed application for leave to appeal the April 8, 2003, judgment of the Court of Appeals is considered and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. However, this order does not constitute approval of either the Genesee Circuit Court's or the Court of Appeals' determination that under MRE 607 defense counsel was not permitted on direct examination to elicit from a witness testimony concerning her plea agreement. Rather, MRE 607 states, "The credibility of a witness may be attacked by any party, including the party calling the witness." Accordingly, defense counsel should have been allowed on direct examination to elicit from the witness testimony concerning her plea agreement because such testimony was relevant to her credibility.
Further, the Court of Appeals panel's discussion of the federal RICO statute, 18 U.S.C. 1961, et seq., and burdens of proof thereunder, have no relevance to MCL *536 750.159(i)(1). Moreover, the panel's inclusion of a discussion of the federal statute, even as purported "legislative history" of our statute, is contrary to our canons of statutory construction. Where, as here, the statute is unambiguous, the appellate court must assume that the legislature intended its plain meaning and the statute must be enforced as written. Stated differently, a court may read nothing into an unambiguous statute that is not within the manifest intent of the legislature as derived from the words of the statute itself. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. People v. Phillips, 469 Mich. 390, 666 N.W.2d 657 (2003); Gilbert v. Second Injury Fund, 463 Mich. 866, 616 N.W.2d 161 (2000); People v. Davis, 468 Mich. 77, 658 N.W.2d 800 (2003); Dan De Farms, Inc. v. Sterling Farm Supply, Inc., 465 Mich. 872, 633 N.W.2d 824 (2001); DiBenedetto v. West Shore Hosp., 461 Mich. 394, 605 N.W.2d 300 (2000); Pohutski v. City of Allen Park, 465 Mich. 675, 641 N.W.2d 219 (2002); State Farm Fire & Casualty Co. v. Old Republic Ins. Co., 466 Mich. 142, 644 N.W.2d 715 (2002). Consequently, future courts and parties are well-advised to look to the expressly defined terms of our statute rather than to the federal RICO statute for guidance.
MICHAEL F. CAVANAGH, J., would deny leave to appeal without further comment.
WEAVER, J., states:
I concur in the denial because I am not persuaded that the questions presented should be reviewed by this court.
MARILYN J. KELLY, J., concurs and states:
I would deny leave to appeal. Also, I agree that on direct examination defense counsel should have been allowed to elicit from the witness testimony concerning her plea agreement because it was relevant to her credibility. However, I disagree that the Court of Appeals discussion of the federal RICO [1] statute has no relevance in this case. It was appropriate for the panel to apply Michigan's statutory definitions of "enterprise"[2] and "pattern of racketeering activity,"[3] and to consider the federal statute for guidance on how the evidence was relevant. People v. Gonzalez, 256 Mich. App. 212, 219-220, 663 N.W.2d 499 (2003).
NOTES
[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C 1961 et seq.
[2] MCL 750.159f(a).
[3] MCL 750.159f(c).