731 N.W.2d 424 (2007)
BETTEN AUTO CENTER, INC., Plaintiff-Appellee,
v.
DEPARTMENT OF TREASURY, Defendant-Appellant.
Betten Motor Sales, Inc., d/b/a Toyota of Grand Rapids, Plaintiff-Appellee,
v.
Department of Treasury, Defendant-Appellant.
Betten-Friendly Motors Company, d/b/a/ Family Auto Center, Plaintiff-Appellee,
v.
Department of Treasury, Defendant-Appellant.
Betten Auto Center, Inc., Plaintiff-Appellant,
v.
Department of Treasury, Defendant-Appellee.
Betten Motor Sales, Inc., d/b/a Toyota of Grand Rapids, Plaintiff-Appellant,
v.
Department of Treasury, Defendant-Appellee.
Betten-Friendly Motors Company, d/b/a/ Family Auto Center, Plaintiff-Appellant,
v.
Department of Treasury, Defendant-Appellee.
Docket Nos. 132343-132345, 132347-132349. COA Nos. 265976-265978.
Supreme Court of Michigan.
May 25, 2007.
On May 10, 2007, the Court heard oral argument on the applications for leave to appeal the August 1, 2006 judgment of the Court of Appeals. On order of the Court, the applications are again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we AFFIRM only that portion of the Court of Appeals judgment holding that the vehicles in question are exempt from the imposition of a use tax under the resale exemption contained in MCL 205.94(1)(c). The MCL 205.94(1)(c) "purchased for resale" exemption precludes use tax under MCL 205.93(1). We VACATE the balance of the judgment of the Court of Appeals and adopt the trial court's August 2, 2005 opinion and order holding that MCL 205.94(1)(c) applies and that no use tax is due. The "exemption for demonstration purposes" exemption of MCL 205.94(1)(c) and the "purchased for resale" exemption of MCL 205.94(1)(c) are independent of one another; both provide exemptions from use tax upon satisfaction of applicable statutory criteria. The Court of Appeals also erred in applying the Black's Law Dictionary definition of "consumer," rather than the statutory definition of "consumer" set forth in MCL 205.92(g). "We need not, indeed we must not, search afield for meanings where the act supplies its own." W.S. Butterfield Theatres, Inc. v. Department of Revenue, 353 Mich. 345, 350, 91 N.W.2d 269 (1958).
MICHAEL F. CAVANAGH, J., concurs in the result.
MARILYN J. KELLY, J., would grant leave to appeal.