Ronayne Krause, J. (dissenting).
I respectfully dissent. I agree with the majority that the only issue before us is whether petitioner is personally liable for taxes under the Tobacco Products Tax Act (TPTA), MCL 205.421 et seq ., not whether his actions were otherwise lawful. However, I believe the majority misreads the plain language of the applicable statutes. I would reverse.
As an initial matter, I suspect that the unusual facts of this case may present a situation not anticipated by our Legislature and therefore that the Legislature did not think to cover this particular set of facts. However, be that as it may, we may not depart from the plain language of a statute even to avoid an absurd result. Piccalo v. Nix , 466 Mich. 861, 643 N.W.2d 233 (2002). In the event of any *484 ambiguity in a revenue statute, the statute "must be construed against the taxing authority." Ecorse Screw Machine Prod. Co. v. Michigan Corp. & Securities Comm. , 378 Mich. 415, 418, 145 N.W.2d 46 (1966).
The TPTA defines the word "sale" as "a transaction by which the ownership of tangible personal property is transferred for consideration and applies also to use, gifts, exchanges, barter, and theft." MCL 205.422(r). The Tax Tribunal concluded that because petitioner merely passed the cigarettes on at cost, no consideration was provided and, by implication, none of the other transaction types that may be considered a sale occurred. Respondent's construction to the contrary would render nugatory almost the entirety of the statutory language, effectively deleting everything *493 after "transferred." Courts must avoid construing statutes in such a way that any portion thereof is rendered nugatory. Ally Fin., Inc. v. State Treasurer , 317 Mich. App. 316, 330, 894 N.W.2d 673 (2016). A sale must entail more than merely transferring an item, and there is no reason not to defer to the Tax Tribunal's conclusion that some form of consideration is the touchstone. Consequently, petitioner is not personally liable for taxes under the TPTA for selling or offering to sell tobacco products.
Likewise, the majority's conclusion that the transfer must have been a gift if no consideration was exchanged would do the same: if literally any possible transfer would lead to liability, then the Legislature's specifications would be nugatory. Put another way, the Legislature must be presumed to have limited the situations in which transfer of ownership of tangible personal property would constitute a sale, or it would not have included "for consideration and applies also to use, gifts, exchanges, barter, and theft." MCL 205.422(r). Because *485 we must avoid rendering any portion of a statute nugatory and must construe revenue statutes in favor of the taxpayer, and because petitioner's acts of passing the cigarette cartons on to his friend at cost do not seem to neatly fit any of the specified categories, I conclude that petitioner's actions do not constitute "sales" under the TPTA. If the Legislature had intended any transfer of cigarettes to be a sale, it would have defined "sale" more simply as "a transaction by which the ownership of tangible personal property is transferred." Incongruous as the result might be, we may not depart from the plain language of the statute as enacted by the Legislature.
Furthermore, I find nothing even slightly ambiguous about the term "individual package," both words being well understood and entirely clear in context. The majority concludes that because petitioner was in possession of unopened cartons of cigarettes, he must have been in control of the individual packages therein, completely eviscerating the Legislature's specification of "individual packages" in MCL 205.428(1).[1] We must presume that the Legislature specified this for some reason. Petitioner was never in possession of individual packages of cigarettes as individual packages. Again, we may not depart from the plain language of the statute as enacted by the Legislature, even if the result strikes us as strange. I do, however, concur with the majority's extension of an invitation to the Legislature to clarify the TPTA should this not have been its intended result.
Although not addressed by the majority, my conclusions require me to address a further provision of the TPTA under which personal tax liability may be imposed *486 for being "in control or in possession of a tobacco product contrary to this act...." Respondent argues that petitioner is an "unclassified acquirer" under MCL 205.422(z) because he was "a person ... who imports or acquires a tobacco product from a source other than a wholesaler or secondary wholesaler licensed under this act for use, sale, or distribution." The TPTA expressly forbids, inter alia , the purchase or possession of tobacco by an unclassified acquirer without a license. MCL 205.423(1). Therefore, respondent somewhat confusingly appears to argue that if petitioner is an "unclassified acquirer," then by definition his lack of a license means his purchase or possession of the cigarettes was "contrary to this act" and *494 that he is personally liable for the taxes. There is no dispute that petitioner acquired the cigarettes from an unlicensed source; the question is therefore whether he did so "for use, sale, or distribution." MCL 205.422(z).
As discussed, the Tax Tribunal properly found that no "sale" occurred. Neither "use" nor "distribution" is defined by the TPTA. However, "distribution" is generally understood to entail transferring something to multiple recipients, which clearly also did not occur. See "distribute" in Merriam-Webster's Collegiate Dictionary (11th ed.). "[I]n doubtful cases, revenue statutes must be construed against the taxing authority." Ecorse , 378 Mich. at 418, 145 N.W.2d 46. It would be inappropriate to conclude that petitioner acquired the cigarettes for "distribution" because he clearly only acquired them for the purpose of passing them on to a single recipient. Consequently, the critical question is whether petitioner acquired the cigarettes for "use." The Tax Tribunal found that he did by referring to definitions of "consumer" and "use" provided in the Use Tax Act (UTA), MCL 205.91 et seq .
*487 By default, our Legislature has instructed that "[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language" unless they have some "peculiar and appropriate meaning." MCL 8.3a. If an undefined word is common and lacks a unique legal meaning, courts consult a lay dictionary. People v. Thompson , 477 Mich. 146, 151-152, 730 N.W.2d 708 (2007). "It is a cardinal rule of statutory construction that the legislative intent must be gathered from the language used, if possible, and that such language shall be given its ordinary meaning unless a different interpretation is indicated." Goethal v. Kent Co. Supervisors , 361 Mich. 104, 111, 104 N.W.2d 794 (1960). Helpfully, the Legislature has expressly stated, "It is the intent of [the TPTA] to impose the tax levied under this act upon the consumer of the tobacco products by requiring the consumer to pay the tax at the specified rate." MCL 205.427a. However, like the word "use," the word "consumer" is undefined in the TPTA.
Both "use" and "consumer" are common words. The proper first resort should therefore have been to a dictionary, not to a different statutory scheme with a different intent and definitions crafted to serve that different intent. Respondent argues that this Court has held that it is appropriate to refer to a definition found in another statutory scheme, but that is a misreading or misunderstanding of what this Court has held. Rather, this Court held that ambiguous language in the TPTA should be construed in light of our Supreme Court's construction of similarly ambiguous language in the UTA. S. Abraham & Sons, Inc. v. Dep 't of Treasury , 260 Mich. App. 1, 14-15, 677 N.W.2d 31 (2003). There is no ambiguity at issue here. It is inappropriate to refer to a dictionary to define a word if an act provides its own definition.
*488 Betten Auto. Center, Inc. v. Dep 't of Treasury , 478 Mich. 864, 864, 731 N.W.2d 424 (2007). However, here the Tax Tribunal simply lifted entirely a definition from one act and applied it to another without considering the different purposes behind the different acts.
In contrast to the TPTA, the UTA is an "excise or privilege tax" on "the use, storage or consumption of tangible personal property brought into the State in interstate commerce, after it has come to rest in this State." Western Electric Co. v. Dep't of Revenue , 312 Mich. 582, 595-596, 20 N.W.2d 734 (1945). "Statutes in pari materia are those which relate to the same person or thing, or the same class of persons or things, or which have a common *495 purpose," and they must be read together as a whole when interpreting any discrete provision therein. Detroit v. Mich. Bell Tel. Co. , 374 Mich. 543, 558, 132 N.W.2d 660 (1965), abrogated on other grounds by City of Taylor v. Detroit Edison Co. , 475 Mich. 109, 119, 715 N.W.2d 28 (2006). The definitions of "use" in MCL 205.92(b) and "consumer" in MCL 205.92(g) of the UTA were not intended to be read in complete isolation from the entirety of the UTA. In other words, the definitions must be understood in the context of any exemptions from applicability also included in the UTA. In particular, petitioner observes that "property purchased for resale" is explicitly exempt from the use tax. MCL 205.94(1)(c)(i ). The cigarettes did not and were not intended to come to rest in Michigan. The Tax Tribunal's rote application of definition from the UTA to the TPTA was, under the circumstances, improper and out of context.
According to Merriam-Webster's Collegiate Dictionary (11th ed.), a "consumer" is, in relevant part, "one that utilizes economic goods" and to "consume" means, in relevant part, "to utilize as a customer." To "use" has *489 several possible meanings, of which all relevant possibilities pertain to engaging in the consumption of something, putting something into action or service, or expending something. It is abundantly and readily obvious that barring a specific definition in the act to the contrary, the plain and unambiguous import of these words is that use or consumption for purposes of the TPTA means the final end goal of a cigarette: smoking it. It is therefore equally plain and unambiguous that petitioner was neither a consumer nor a user of the cigarettes.
It is undisputed that petitioner never intended to smoke the cigarettes, nor were any of the cigarettes ever smoked in Michigan. He therefore did not purchase them for "use" according to the common, everyday meaning of that word, which this Court must presume was the usage intended by the Legislature for purposes of the TPTA because it did not include a definition in the TPTA. Likewise, petitioner was not a "consumer" according to the common, everyday meaning of that word. The Tax Tribunal therefore erred by finding petitioner personally liable for the taxes assessed by respondent.

See also MCL 205.422(k) ("Individual package does not include cartons, cases, or shipping or storage containers that contain smaller packaging units of cigarettes.")