SUN VALLEY FOODS COMPANY v WARD

Docket No. 108676. Argued January 21, 1999 (Calendar No. 5). Decided
June 29, 1999. Rehearing denied 461 Mich 1205.

Sun Valley Foods Company brought an action in the Wayne Circuit
Court against attorney George E. Ward, and others, alleging mal-
practice in a landlord-tenant action by negligently failing to pre-
serve its rights in not filing an appeal bond within the time set
forth in MCL 600.5744(5); MSA 27A.5744(5). Sun Valley further
alleged that the statute requires both the filing of an appeal and an
appeal bond within ten days after entry of a judgment for posses-
sion. The court, John A. Murphy, J., granted summary disposition
for Mr. Ward regarding the legal malpractice claim, holding that the
statute requires only the filing of an appeal within ten days after
entry of a judgment for possession, and that an attorney's reasona-
ble interpretation of an unsettled point of law does not constitute
malpractice. The Court of Appeals, DOCTOROFF, P.J., and McDONALD
and BRENNAN, JJ., reversed and remanded in an unpublished opinion
per curiam, holding that reasonableness is a question of fact, pre-
cluding summary disposition (Docket No. 123995). The Supreme
Court denied leave to appeal. 442 Mich 866 (1993).

On remand, the trial court denied Mr. Ward's request that the
court interpret MCL 600.5744(5); MSA 27A.5744(5), ordering the
jury to determine the requirements of the provision and the reason-
ableness of Mr. Ward's conduct. The Court of Appeals, SHEPHERD,
P.J., and FITZGERALD and TAYLOR, JJ., denied leave to appeal (Docket
No. 177701), and the Supreme Court again denied leave to appeal.
449 Mich 870 (1995).

Thereafter, the trial court interpreted the statutory provision,
holding that it plainly did not require the filing of an appeal bond
within ten days after entry of judgment for possession. After
remand, the Court of Appeals, HOEKSTRA, P.J., and MARILYN KELLY and
J. B. SULLIVAN, JJ., reversed, holding that the trial court's interpreta-
tion was reasonable, but that it did not accurately reflect the intent
of the Legislature, because the landlord would have no protection
during the period between when the ten days had elapsed and
whenever the bond was eventually filed. 221 Mich App 335 (1997)
(Docket No. 188345). The Supreme Court again denied leave to
appeal. 456 Mich 920 (1998).

On reconsideration, the Supreme Court granted leave to appeal. 457 Mich 885 (1998).

In an opinion by Justice CORRIGAN, joined by Chief Justice WEAVER, and Justices BRICKLEY, CAVANAGH, TAYLOR, and YOUNG, the Supreme Court *held*:

MCL 600.5744(5); MSA 27A.5744(5) does not require the filing of an appeal bond within ten days after entry of judgment for possession; rather, the bond must be filed within a reasonable time, which is left to the discretion of the trial court.

1. When a judgment for possession is entered in a landlord's favor, MCL 600.5744; MSA 27A.5744 permits the issuance of a writ of restitution. The writ permits the property owner to be restored and put in full possession of the premises. In all but a few circumstances, the writ is not to be issued until ten days after the judgment for possession is entered. The redemption tolling provision is intended to give the tenant and vendee a last chance to avoid forfeiture.

2. It is a general rule of grammar and of statutory construction that a modifying word or clause is confined to the last antecedent, unless a contrary intention appears. The plain language of MCL 600.5744; MSA 27A.5744 does not require that the bond to stay proceedings be filed within ten days after the judgment for possession is entered. Read in its grammatical context, there is no ambiguity. The ten-day limitation clause is clearly linked to the first condition preceding the placement of the conjunction—"[i]f an appeal is taken or a motion for new trial is filed." The second clause, following the conjunction, requires a stay bond to toll the issuance of the writ—"if a bond to stay proceedings is filed." That clause contains no time limit on the filing of the stay bond. Thus, the stay bond need not be filed within ten days after the judgment for possession is entered. A tenant tolls the redemption period by filing a claim of appeal or motion for a new trial within ten days after the entry of judgment. The writ of restitution is then stayed until the appeal or the motion is decided, provided the bond is filed as directed by the trial court. If the party fails to file the bond as directed, the trial court must issue the writ of restitution. The bond itself, however, is not required to be filed within the ten-day period.

3. In the face of legislative silence on the matter, it may be presumed that the Legislature would insist on a reasonable time limit. The determination of what is a reasonable time is properly left to the discretion of the trial court. In this case, the trial court's requirement that the appeal bond be filed within forty-eight hours was patently reasonable.

Reversed and remanded.

Justice KELLY took no part in the decision of this case.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald J. Gasiorek* and *Patrick Burkett*), for the plaintiff-appellee.

*Kerr, Russell & Weber, P.L.C.* (by *Robert J. Pineau*), for the defendants-appellants.

CORRIGAN, J. In this legal malpractice action involving an underlying landlord-tenant dispute, we granted leave to determine whether the tolling provisions in MCL 600.5744(5); MSA 27A.5744(5) require the filing of an appeal bond within ten days after entry of the judgment awarding possession to the landlord. Because the statute does not require the filing of an appeal bond within ten days, we reverse the decision of the Court of Appeals and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY

This case has an extraordinarily tortured procedural history. Defendant George Ward represented Sun Valley Foods in a landlord-tenant dispute with Detroit Marine Terminal. On July 1, 1982, the trial court granted summary disposition to Detroit Marine Terminal, resulting in a judgment for possession. On July 9, 1982, Ward filed a claim of appeal, an application for bond approval, a motion for stay, and a brief in support of the motion. Ward sought an emergency, same-day hearing to set the amount of the appeal bond. The trial court, however, set July 13, 1982, as the hearing date.[1]

---

[1] In a subsequent affidavit, the trial judge averred that he declined Ward's request for a same-day hearing because of the court's schedule.

On July 13, the trial judge issued a writ of restitution, set the bond amount, and tolled the redemption period for forty-eight hours until the bond could be filed. The bond was filed within the required forty-eight hour period.[2] By order dated October 7, 1982, the trial court allowed Sun Valley ten days following the final order on appeal to redeem the property.

In August 1983, the Court of Appeals affirmed the order granting summary disposition to Detroit Marine Terminal and affirmed the stay of the writ of restitution. After one of the parties moved for clarification, the Court of Appeals set aside the stay on November 1, 1983. This Court denied leave to appeal at that time. Ultimately, Sun Valley settled its claims with Detroit Marine Terminal and vacated the warehouse.

Sun Valley thereafter filed a legal malpractice claim against defendant Ward in November 1986, alleging several grounds. Only one of those claims is at issue here.[3] Plaintiff alleged that Ward negligently failed to preserve Sun Valley's statutory redemption rights by failing to file the appeal bond within the time set forth in MCL 600.5744(5); MSA 27A.5744(5). Sun Valley alleged that the statute requires both the filing of an appeal and an appeal bond within ten days after

---

The trial judge further averred that he believed that the time for hearing an application to fix the amount of a stay bond was "within the reasonable discretion of the Circuit Judge to establish . . . ."

[2] Detroit Marine Terminal contested the sufficiency of the surety. Further proceedings were held, and an acceptable cash bond was filed on August 5, 1982.

[3] Sun Valley alleged four bases of legal malpractice. Two claims were dismissed by directed verdict at the jury trial that began in March 1998. The two remaining claims submitted to the jury alleged that defendant was negligent in failing to advise Sun Valley of its option to pay back rent, and in failing to preserve Sun Valley's redemption rights under the statute. Sun Valley has not appealed the order granting directed verdicts on two claims.

entry of the judgment for possession. Defendant Ward countered that the statute requires only the filing of an appeal within ten days after entry of the judgment for possession.

The trial court granted Ward's motion for summary disposition regarding the legal malpractice claim. The trial court adopted Ward's interpretation of the statute, ruling that it was "clearly reasonable." The trial court further ruled that an attorney's reasonable interpretation of an unsettled point of law does not constitute malpractice.[4]

The Court of Appeals reversed the order granting summary disposition, holding that "[w]hether Ward's interpretation of the statute was reasonable is a question of fact," precluding summary disposition. Unpublished opinion per curiam, issued February 10, 1992 (Docket No. 123995). This Court denied leave to appeal. 442 Mich 866 (1993).

After the case was remanded to the trial court, Ward filed a motion asking the court to interpret the statutory provision. The trial court denied the motion, ordering that "the jury shall determine the requirements of MCLA 600.5744(5) [MSA 27A.5744(5)]" and the reasonableness of defendant's conduct. Defendant appealed the order denying the motion. The Court of Appeals denied leave to appeal, but correctly observed that the judiciary possesses the exclusive power to determine the law. This Court again denied leave to appeal. 449 Mich 870 (1995).

---

[4] As an alternative basis for granting summary disposition, defendant Ward argued that a reasonable interpretation of a statutory provision cannot give rise to a fact question as a matter of law where the interpretation is a matter of first impression. Because we hold that defendant Ward's interpretation was correct, we need not address the alternative argument.

By order dated July 28, 1995, the trial court interpreted the statutory provision. It held that the statutory provision plainly did not require the filing of the appeal bond within ten days after entry of judgment for possession.

After remand, the Court of Appeals reversed in a published opinion. 221 Mich App 335; 561 NW2d 484 (1997). The Court of Appeals held that the trial court's interpretation was "reasonable." Nonetheless, it did not "accurately reflect the intent of the Legislature," because the landlord "would have no protection during the period between when the ten days had elapsed and whenever the bond was eventually filed . . . ." *Id.*, pp 337-338. This Court again denied leave to appeal. 456 Mich 920 (1998).

Defendant moved for reconsideration. We granted defendant's motion for reconsideration and granted leave to appeal. 457 Mich 885 (1998). While the motion for reconsideration was pending before this Court, a jury trial was held on the legal malpractice claims. The jury returned a verdict in favor of Sun Valley.[5]

## II. STATUTORY ANALYSIS

When a judgment for possession is entered in a landlord's favor, MCL 600.5744; MSA 27A.5744 permits the issuance of a writ of restitution. The writ permits the property owner "to be restored and put in full possession of the premises." MCL 600.5744(1); MSA 27A.5744(1). In all but a few circumstances, the writ of restitution "shall not be issued" until ten days after

---

[5] Defendant Ward appealed the jury verdict. The Court of Appeals has abeyed that appeal pending our decision (Docket No. 216015).

the judgment for possession is entered. MCL 600.5744(4); MSA 27A.5744(4). Subsection five of the statutory provision provides:

> If an appeal is taken or a motion for new trial is filed before the expiration of the period during which the writ of restitution shall not be issued and if a bond to stay proceedings is filed, the period during which the writ shall not be issued shall be tolled until the disposition of the appeal or motion for new trial is final.

The redemption tolling provision of the statute is intended to give "the tenant and vendee a last chance to avoid forfeiture." *Birznieks v Cooper*, 405 Mich 319, 330; 275 NW2d 221 (1979).

The rules of statutory construction are well established. The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. *Murphy v Michigan Bell Telephone Co*, 447 Mich 93, 98; 523 NW2d 310 (1994). See also *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). This task begins by examining the language of the statute itself. The words of a statute provide "the most reliable evidence of its intent . . . ." *United States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. *Luttrell v Dep't of Corrections*, 421 Mich 93; 365 NW2d 74 (1984).

In interpreting the statute at issue, we consider both the plain meaning of the critical word or phrase as well as "its placement and purpose in the statutory scheme." *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). See also *Holloway v United States*, 526 US 1; 119 S Ct 966; 143 L Ed 2d 1 (1999). As far as possible, effect should be given to every phrase, clause, and word in the statute. *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended. *Aetna Finance Co v Gutierrez*, 96 NM 538; 632 P2d 1176 (1981).

It is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent, unless a contrary intention appears. *Dale v Beta-C, Inc*, 227 Mich App 57, 68; 574 NW2d 697 (1997); *Weems v Chrysler Corp*, 448 Mich 679, 699; 533 NW2d 287 (1995). See also 2A Singer, Sutherland Statutory Construction (5th ed), § 47.33, p 270.

Following these principles, we conclude that the plain language of the statute does not require that the bond to stay proceedings be filed within ten days after the judgment for possession is entered.[6]

---

[6] Our conclusion is bolstered by several expert opinions offered to support defendant.

Professor Donald Hettinga, an English professor at Calvin College and contributor to the Harbrace College Grammar Handbook, stated:

> The conjunction *and* joins two separate clauses that set forth distinct conditions. The parallelism of that construction makes one expect that if there were a time constraint the phrase defining it would appear immediately after *is filed,* in other words, in an analogous position to the phrase *before the expiration of the (10-day)*

*period.* However, as it stands that particular phrase has no grammatical authority over the stuff of the second clause—the matter of the bond.

Professor Joan Karner Bush, an English professor from the University of Michigan, stated:

> [T]he adverbial phrase "before the expiration of the (10-day) period" modifies the verb is taken. . . . You asked what the adverbial prepositional clause "before the expiration" modified: "is taken" or "is filed." I believe the adverbial phrase modifies the verb "is taken." My decision is based on the assumption that in clear writing modifiers are placed as close to the word they modify as possible and the "before the expiration" is closest to "is taken."

Professor F. Reed Dickerson, a distinguished professor of law at Indiana University and a noted authority on legislative drafting, who died in 1991, authored many publications on the subject of legislative drafting and interpretation. His works include The Interpretation and Application of Statutes (1975), Materials on Legal Drafting (1981), Legislative Drafting (1954), Statutory Drafting (1954), and Fundamentals of Legal Drafting (1st ed 1964) and (2nd ed 1986). In opining on the statutory requirements in 1988, he stated:

> Application for a bond can be made immediately and, being ancillary to the appeal or motion, it can appropriately follow the same time schedule as the appeal or motion. Its consummation, on the other hand, can be assumed to follow in due course, even (in view of Rule 808) beyond the 10-day period. The approach here follows the tradition that a runner's performance depends on when he breasts the tape and not when his heels have crossed the finish line. In that sense, the 10-day provision, without relocation, effectively controls the whole transaction, even though it does not apply independently to every severable aspect of obtaining the bond. The parties are thus privileged to assume that the trial court will perform its function in due course, but not necessarily within the 10-day period.
>
> If the trial court is dilatory in fixing an amount or refuses to act, both the requesting defendant and the plaintiff presumably want it to follow through. The defendant wants to qualify for his stay and, if he gets it, the plaintiff wants the protection provided by the bond. If the trial court does not respond in due course, the disappointed party has apparent recourse to the upper court.
>
> The Court of Appeals approach seems unnecessarily strict because it requires the whole bond effort to be consummated within the 10 days, in effect depriving the defendant of the full use of that period, because it shortens the period by the time necessary

If the statute is read in its grammatical context, there is no ambiguity. The ten-day limitation clause is clearly linked to the first condition preceding the placement of the conjunction—"[i]f an appeal is taken or a motion for new trial is filed." The second clause, following the conjunction, requires a stay bond to toll the issuance of the writ—"if a bond to stay proceedings is filed." That clause contains no time limit on the filing of the stay bond. We hold that the stay bond need not be filed within ten days after the judgment for possession is entered.

Thus, a tenant tolls the redemption period by filing a claim of appeal or motion for a new trial within ten days after the entry of judgment. The writ of restitution is then stayed until the appeal or the motion is decided, provided the bond is filed as directed by the trial court.[7] If the party fails to file the bond as directed, the trial court must issue the writ of restitu-

---

to anticipate a possibly dilatory, recalcitrant, overburdened, or incapacitated trial judge.

The facts here strongly suggest that obtaining a bond under Rule 808 is not necessarily a perfunctory matter free of significant risk of delay by others. This being so, the defendant should be able to use his full legal opportunity to weigh and request a stay (accompanying it with a timely application for a bond) unencumbered by having to guess how much of his 10-day period might be eroded by others involved in the process. The defendant cannot prudently assume that the trial court will be prompt. Accordingly, it seems reasonable to assume that the conditions to timely action were intended to be confined to aspects that the party seeking the stay can reasonably control. Relocating the 10-day limitation not only is unnecessary but does not make the best sense.

[7] Defendant correctly observes that, where a party seeks a stay of proceedings or stay of execution pending appeal, the trial court must set the bond amount. MCR 7.209(B)(1). Plaintiff contends that defendant could have determined the amount of bond and posted it under MCR 7.209(G)(1). The latter provision, however, applies only in the absence of a more specific rule. MCR 7.209(G)(1) states, "Except as otherwise specifically provided in this rule . . . ." See 6 Martin, Dean & Webster, Michi-

tion. The bond itself, however, is not required to be filed within the ten-day period.

We refuse to discover a bright-line, ten-day time limit within which the appeal bond must be filed when the Legislature is silent regarding any time limit for filing the bond. *Parker v Byron Center Public Schools Bd of Ed*, 229 Mich App 565, 573; 582 NW2d 859 (1998).

In the face of legislative silence on the matter, we presume that the Legislature would insist on a reasonable time limit. *Schommer v DNR Director*, 162 Mich App 110, 118-119; 412 NW2d 663 (1987). See *People v Law*, 459 Mich 419; 591 NW2d 20 (1999) (Where the Legislature had not fixed the interest rate for support arrearage, a reasonable interest rate was discretionary with the court). We decline to further define the parameters of a reasonable time to file an appeal bond under the statute; the determination of a reasonable time is properly left to the discretion of the trial court. In this case, we hold that the trial court's requirement that the appeal bond be filed within forty-eight hours was patently reasonable.

We disagree with the rationale of the Court of Appeals. It concluded that the failure to insert a ten-day limit into the text would result in the landlord having "no protection during the period between when the ten days had elapsed and whenever the bond was eventually filed, which presumably under the trial court's interpretation could be weeks, months, or years later." *Sun Valley, supra,* p 338. Under our construction, the trial court should compel

---

gan Court Rules Practice (3d ed), p 248. See also Gromek, Lydick & Bosh, Michigan Appellate Handbook, § 3.11, p 3-12a.

the filing of the appeal bond within a *reasonable time*. If the trial court cannot or will not require the bond within a reasonable time, recourse may be had to the Court of Appeals under MCR 7.203(C).

Our interpretation of the statute is consistent with the purpose of the tolling provision, which gives a tenant the opportunity to avoid forfeiture. To require the filing of the appeal bond within ten days, regardless of events beyond the tenant's control, could result in irreparable damage to the tenant that is inconsistent with the statutory purpose. Such a reading would also effectively deprive a tenant of the full use of the ten-day period, because a tenant would be forced to anticipate every possible eventuality to post a satisfactory bond within the required time.

Finally, we recognize the practical difficulties involved in securing an appeal bond within such a short time. An attorney who seeks to post a satisfactory bond must first obtain the court's approval of the bond amount and the surety who will underwrite the risk. The surety who underwrites the risk often requires a letter of credit, which can be difficult to obtain, as a prerequisite for endorsing the bond. Requiring the bond within ten days also presumes the availability of the trial court on short notice as well as the cooperation of the opposing party. While we fully expect that both the trial court and opposing parties would work diligently within such a time frame, the tenant should not bear the irreparable consequences when such cooperation is not forthcoming.

### III. CONCLUSION

MCL 600.5744(5); MSA 27A.5744(5) does not require the filing of an appeal bond within ten days after

entry of judgment for possession. Rather, the bond must be filed within a reasonable time and is left to the discretion of the trial judge. Accordingly, the judgment of the Court of Appeals is reversed, and the case remanded for further proceedings consistent with this opinion.

WEAVER, C.J., and BRICKLEY, CAVANAGH, TAYLOR, and YOUNG, JJ., concurred with CORRIGAN, J.

KELLY, J., took no part in the decision of this case.