Cavanagh, J.
I disagree with the majority’s conclusion that the “household exclusion” provision of the no-fault act applies if a person is named in any no-fault property protection policy.[1] Rather, I would conclude that the provision should apply only when the person (or a spouse or family member) involved in an accident causing property damage is named in the property protection insurance policy covering the *152 vehicle operated in the accident. To hold otherwise elevates the literal reading of the statute into an over-broad exclusion that hinges recovery on the fortuitous event that an individual owns any other no-fault policy. Therefore, I respectfully dissent.
In this case, the Court was called upon to determine the meaning of MCL 500.3123(l)(b), which provides:
Damage to the following kinds of property is excluded from property protection insurance benefits:
* * *
(b) Property owned by a person named in a property protection insurance policy, the person’s spouse or a relative of either domiciled in the same household, if the person named, the person’s spouse, or the relative was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose.
It is well settled that we must discern arx. give effect to the intent of the Legislature when applying statutes. See Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999). First, the Court must examine the text, and, where there is no ambiguity, the statute must be applied as written. See, e.g., Tryc v Michigan Veterans’ Facility, 451 Mich 129, 135; 545 NW2d 642 (1996). However, if the meaning of the statute is ambiguous, the plain meaning as well as the placement and purpose of the words in the statutory scheme must be analyzed. Sun Valley Foods at 237.
In this case, the majority employs a method that extensively analyzes the meaning of “a” in reference to “a” policy of insurance, without considering the practical consequences or the statutory intent. While claiming reliance on the plain meaning of “a,” the *153 majority imposes an expansive interpretation on the article, prohibiting recovery for property damage where an individual involved in the accident has any no-fault policy, not simply when the individual has a policy for the vehicle involved in the accident.
Moreover, use of the article “a” is dictated by grammatical construction of the sentence and by the chance occurrence that the accident involved more than one vehicle and, thus, more than one policy, thereby precluding the use of “the.” Had the Legislature intended such a broad exclusion simply by choosing the word “a,” the statute surely would have been drafted to reflect that unusual departure from the common purpose of “provid[ing] victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses.” McKenzie v Auto Club Ins Ass’n, 458 Mich 214, 229, n 3; 580 NW2d 424 (1998). I am unconvinced that the use of the word “a” in the statute carries such a broad significance, and I am instead persuaded that the exclusion is intended to apply only to policies insuring vehicles involved in the accident.
The majority correctly acknowledges our duty to reasonably infer legislative intent from the text of statutes. Unfortunately, the Court fails in this duty by proclaiming irrelevant a portion of the statutory text it would prefer to ignore.
Whether the no-fault policy covered a vehicle involved in the accident is not relevant under the plain language of the statute. [Ante at 147.]
To the contrary, the text of the statute excludes coverage only for “[property owned by a person named in a property protection insurance policy ... if the *154 person named . . . was the owner, registrant or operator of a vehicle involved in the accident . . . MCL 500.3123(l)(b). Though not entirely without ambiguity, the statute clearly links “a person named in a . . . policy” with “the operator of a vehicle involved in the accident” and, thus, excludes coverage only when the operator has a policy on the vehicle or vehicles involved in the accident. Otherwise, the text would be rendered mere surplusage. To declare “not relevant” a portion of a statute that would negate its conclusion illustrates the majority’s excessive reliance on ambiguous terms at the expense of the most reasonable interpretation. Because the Court today ignores the forest for the trees, I would affirm the decision of the Court of Appeals.
Kelly, J., concurred with Cavanagh, J.

 MCL 500.3123(l)(b).