HATHAWAY, J.
oconcurring). I concur in the lead opinion only to the extent that it concludes that the term “prorate” in MCL 418.315(1) applies exclusively to employers and their insurance carriers. I write separately because I do not find MCL 418.315(1) to be ambiguous. Section 315(1), when read as a whole, indicates that the term “prorate” in MCL 418.315(1) applies only to employers and their insurance carriers.
This is a case of statutory interpretation. The proper interpretation and application of a statute presents a question of law, which receives de novo review.[1] Assuming that the Legislature has acted within its constitu *340 tional authority, the purpose of judicial statutory construction is to discern and give effect to the intent of the Legislature.[2] In determining the intent of the Legislature, this Court must first look to the language of the statute.[3] The Court must, first and foremost, interpret the language of a statute in a manner that is consistent with the intent of the Legislature.[4] As far as possible, effect should be given to every phrase, clause, and word in the statute.[5] The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended.[6] Moreover, when considering the correct interpretation, the statute must be read as a whole.[7] Individual words and phrases, while important, should be read in the context of the entire legislative scheme.[8] While defining particular words in statutes, we must consider both the plain meaning of the critical word or phrase, as well as its placement and purpose in the statutory scheme.[9] A statute must be read in conjunction with other relevant statutes to ensure that the legislative intent is correctly ascertained.[10] The statute must be interpreted in a manner which ensures that it works in harmony with the entire statutory scheme.[11]
*341 To determine the intent of MCL 418.315(1), the plain language of the statute must first he examined. Section 315(1) provides in pertinent part:
The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed... . After 10 days from the inception of medical care as provided in this section, the employee may treat with a physician of his or her own choice by giving to the employer the name of the physician and his or her intention to treat with the physician. The employer or the employer’s carrier may file a petition objecting to the named physician selected by the employee and setting forth reasons for the objection. If the employer or carrier can show cause why the employee should not continue treatment with the named physician of the employee’s choice,.. . the ... magistrate may order that the employee discontinue treatment with the named physician or pay for the treatment received from the physician .... If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the workers’ compensation magistrate. The workers’ compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee. [Emphasis added.]
Section 315(1) gives magistrates the discretionary authority to prorate attorney fees at the contingent fee rate paid by the employee. The question in this case is against whom attorney fees can be prorated.
Although I disagree with the lead opinion that the final sentence of § 315(1) is ambiguous, I agree with its conclusion that the final sentence of § 315(1) applies only to employers and their insurance carriers. This interpretation of the statute harmonizes the individual *342 sentences and phrases in § 315(1) with each other. The final sentence of § 315(1) cannot be construed to stand alone without reading it in the context of the entire statute.[12] It must be examined and analyzed as part of the particular statutory provision and then harmonized with the statute^ other provisions to satisfy the purpose intended by the Legislature.[13]
Section 315(1) pertains to employer liability to pay medical benefits to workers injured in the course of employment. Section 315(1) mandates that employers furnish an employee with medical treatment needed for an injury arising out of and in the course of employment. The statute also enumerates certain types of treatment for which reimbursement costs can be contested by employers and their insurance carriers. However, if an employer fails, neglects, or refuses to provide covered medical expenses, the employer must reimburse the employee for the expenses, or make a payment to a medical provider for unpaid expenses that may be owing. The last sentence of § 315(1) gives a magistrate the discretion to prorate attorney fees at the contingent fee rate paid by the employee to recoup costs expended to recover medical expenses. Thus, the term “prorate” in the final sentence of the § 315(1), when read with the rest of the statute, applies to parties who might contest the payment of medical benefits: employers and their insurance carriers. This interpretation provides a unity of purpose for § 315(1).
In closing, I concur only with of the lead opinion’s conclusion that the term “prorate” in MCL 418.315(1) applies exclusively to employers and their insurance carriers. I write separately because I do not find that *343 § 315(1) is ambiguous. Section 315(1), when read as a whole, indicates that the term “prorate” in § 315(1) applies only to employers and their insurance carriers. This interpretation harmonizes the final sentence of the statute with the entire statute as a whole.
WEAVER, J., concurred with HATHAWAY, J.

 Estes v Titus, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

 Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999).

 Id.

 Id.

 Id. at 237.

 Herman v Berrien Co, 481 Mich 352, 366; 750 NW2d 570 (2008).

 Sun Valley, supra at 237.

 Herman, supra at 366.

 Id., quoting Bailey v United States, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995).

 Wayne Co v Auditor General, 250 Mich 227, 233; 229 NW 911 (1930).

 Id. at 234.

 People v Couzens, 480 Mich 240, 250; 747 NW2d 849 (2008).

 Farrington v Total Petroleum, Inc, 442 Mich 201, 209; 501 NW2d 76 (1993).