*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUE LOCKHART,

Petitioner-Appellant,

v

ONTONAGON TOWNSHIP,

Respondent-Appellee.

FOR PUBLICATION
May 19, 2022
9:05 a.m.

No. 356883
Tax Tribunal
LC No. 20-003431-TT

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Respondent, the Township of Ontonagon, denied petitioner's request for a disabled veteran property tax exemption under MCL 211.7b for the 2020 tax year. Petitioner appealed to the Michigan Tax Tribunal (MTT) Small Claims Division, which determined that petitioner was not entitled to the exemption. Petitioner now appeals that decision as of right. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Petitioner married John Lockhart in 2001. After marrying, they purchased and resided at 413 S. Steel Street, Ontonagon Township. On March 18, 2010, petitioner was deeded the property at 19596 Firesteel Road, Ontonagon Township (the Firesteel property); her husband was not named on the deed. Petitioner claimed that she and her husband moved to the Firesteel property in October or November 2010. In December 2010, petitioner's husband passed away. It is undisputed that prior to his death, petitioner's husband was a disabled veteran who was honorably discharged from the military with a service-connected disability.

Relevant to this appeal, on January 2, 2020 petitioner filed an affidavit with the township, requesting the disabled veterans exemption, MCL 211.7b, for the Firesteel property. Under MCL 211.7b(2), a disabled veteran's surviving spouse may claim the disabled veteran exemption even after the veteran's death so long as the veteran would have been "otherwise eligible" for the exemption. Respondent determined that petitioner's husband had not owned the Firesteel property prior to his death, so it denied the request for the exemption. Petitioner appealed, and, following a hearing, an administrative law judge (ALJ) determined that the Firesteel property was deeded

only to petitioner and that, because petitioner's husband had not owned the property, petitioner was not entitled to the exemption. Petitioner filed exceptions to the ALJ's decision. Thereafter, the MTT adopted the ALJ's findings of fact and conclusions of law and entered a final opinion and judgment holding that petitioner was not entitled to the disabled veteran exemption for the 2020 tax year. This appeal follows.

## II. DISABLED VETERAN EXEMPTION

### A. STANDARD OF REVIEW

Petitioner argues she was entitled to receive the disabled veterans exemption on the Firesteel residence for the 2020 tax year. "The standard of review of Tax Tribunal cases is multifaceted. In the absence of fraud, we review the MTT's "decision for misapplication of the law or adoption of a wrong principle." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). The MTT's interpretation of statutory provisions is reviewed de novo. *Id*.

### B. ANALYSIS

The General Property Tax Act, MCL 211.1 *et seq*., provides that all real property within Michigan that is "not expressly exempted" shall be subject to taxation. MCL 211.1. MCL 211.7b authorizes a property tax exemption for disabled veterans, and, under certain circumstances, for the surviving spouses of disabled veterans. It provides:

> (1) Real property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions or by an individual described in subsection (2) is exempt from the collection of taxes under this act. . . .
>
> (2) If a disabled veteran who is otherwise eligible for the exemption under this section dies, either before or after the exemption under this section is granted, the exemption shall remain available to or shall continue for his or her unremarried surviving spouse. The surviving spouse shall comply with the requirements of subsection (1) and shall indicate on the affidavit that he or she is the surviving spouse of a disabled veteran entitled to the exemption under this section. The exemption shall continue as long as the surviving spouse remains unremarried.

On appeal, petitioner relies on the interpretation of MCL 211.7b stated in State Tax Commission Bulletin (STC) No. 24 of 2017 and STC Bulletin No. 19 of 2020. In both bulletins, the STC classified the disabled veteran exemption as a personal exemption that is not tied to any property owned or used as a homestead by the disabled veteran prior to his or her death, and it advised that a surviving spouse who meets the requirements of MCL 211.7b(2) should not be denied the exemption on the basis that his or her spouse never owned or occupied the subject property as a homestead. See also STC Bulletin No. 18 of 2021 (accord). However, the STC's interpretation of MCL 211.7b is not binding on the tribunal or this Court. See *In re Rovas Complaint*, 482 Mich 90, 117-118; 754 NW2d 259 (2008) ("[A]gency interpretations are entitled to respectful consideration, but they are not binding on courts and cannot conflict with the plain

meaning of the statute."). Consequently, before we may rely on the STC's interpretation, we must first determine whether that interpretation conflicts with the plain meaning of the statute.

The goal of statutory interpretation is to give effect to the Legislature's intent as derived from the language of the statute itself. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Id*. Unless defined in the statute, statutory language will be given its plain and ordinary meaning. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008).

The first sentence of MCL 211.7b(1) states that real property is exempt from the collection of taxes if it is "used and owned as a homestead by a disabled veteran . . . or by an individual described in subsection (2)." Petitioner is not a disabled veteran, so in order for the Firesteel property to be exempt from the collection of taxes, petitioner must meet the requirements of subsection 2. MCL 211.7b(2) states that if an "otherwise eligible" disabled veteran "dies . . . the exemption shall remain available to or shall continue for his or her unremarried surviving spouse." Stated differently, subsection 2 permits the disabled veteran exemption to be extended to the unmarried surviving spouse of a disabled veteran who would have been eligible for the exemption prior to his or her death. In order to be "otherwise eligible" for the exemption, a disabled veteran must meet the requirements in subsection 1. Again, under MCL 211.7b(1), a disabled veteran's real property is not exempt from the collection of taxes unless the veteran "used and *owned* as a homestead . . . ." (Emphasis added). Therefore, under the plain language of the statute, a veteran who did not own the subject property is not a veteran who is "otherwise eligible" under MCL 211.7b(2). Thus, in cases where a disabled veteran did not own the property, his or her surviving spouse is also not eligible for the exemption. Moreover, because the interpretation in the STC Bulletins is contrary to the plain language of the statute, we discern no error in the MTT's decision to rely on the statute's plain language as opposed to the STC's incorrect interpretation.

Applying the plain language of the statute, it is clear that petitioner is not entitled to the exemption. The MTT found that petitioner's husband never owned the Firesteel property because the property was deeded to petitioner only. That finding is supported by competent, material, and substantial evidence. In particular, the quitclaim deed petitioner received for the Firesteel property only included her name, and she admitted that her husband's name was not on the deed because of issues between him and the prior owner of the property. As a result, the MTT's finding is conclusive. See *Briggs Tax Service, LLC*, 485 Mich at 75 (quotation marks and citation omitted) (stating that the MTT's factual findings are "conclusive if they are supported by competent, material, and substantial evidence on the whole record."). Because petitioner's husband did not own the Firesteel property, he was not eligible for the exemption under MCL 211.7b(1). In turn, because he was not eligible for the exemption, petitioner, as his surviving spouse, is not eligible for the exemption.

Petitioner also raises a constitutional challenge. She contends that some taxing authorities may follow the STC Bulletin's interpretation of MCL 211.7b while other tax authorities instead rely on the MTT's interpretation. The natural result of different taxing authorities following contradictory interpretations of the statute is that some people in a similar situation to petitioner will receive the disabled veteran exemption. Petitioners argues that, because she is being treated

differently than other hypothetical individuals, there is a violation of the equal protection clause and of her due process rights. However, she had proffered no proof that any other similarly situated individuals have, in fact, been granted the exemption. See *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010) (holding that a petitioner raising an equal-protection claim must show that she was "treated differently from a similarly situated entity."). In the absence of such evidence, petitioner cannot prevail on her claim.[1]

Affirmed. No taxable costs are awarded. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Michael J. Kelly

---

[1] In her brief on appeal, petitioner asserts that "all unremarried spouses of disabled veterans should either have the exemption or not," and that the determination should not be dependent upon "the location of their residence within Michigan." We agree. Rather than the determination being dependent upon where the unremarried surviving spouse is residing, the applicability of the exemption should be dependent upon whether the requirements of the statute—as determined from its plain language and not the STC's incorrect interpretation—are met. Because the statutory requirements are not met in this case, petitioner is not entitled to the exemption.