# STATE OF MICHIGAN

# COURT OF APPEALS

IONIA COUNTY INTERMEDIATE
EDUCATION ASSOCIATION,

UNPUBLISHED
February 22, 2018

Respondent-Appellant,

v

No. 334573
MERC
LC No. 15-050935

IONIA COUNTY INTERMEDIATE SCHOOL
DISTRICT,

Charging Party-Appellee.

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Respondent, Ionia County Intermediate Education Association (the Association), appeals by right an order of the Michigan Employment Relations Commission (MERC) granting summary disposition to charging party, Ionia County Intermediate School District (the District), on the basis that the Association had engaged in an unfair labor practice by demanding to arbitrate a grievance concerning a prohibited subject of bargaining under the public employment relations act (PERA), MCL 423.201 *et seq*. MERC ordered the Association to withdraw its demand for arbitration and to cease and desist from demanding to arbitrate grievances concerning prohibited subjects of bargaining. We affirm.

On March 31, 2015, the District's principal issued a probationary teacher, Renee Eis, a written reprimand for failing to prohibit male and female students from undressing in a locker room at the same time.

On April 17, 2015, the Association filed a grievance challenging the written reprimand and requesting that the discipline be reduced to a verbal warning in writing. The Association alleged, in part, that the District violated Article 6, Section 4 of the parties' collective bargaining agreement[1] (CBA), as well as the grievant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

---

[1] Article 6, Section 4 of the CBA provides, in pertinent part: "No employee shall be disciplined or discharged arbitrarily or capriciously." The CBA provides for a four-level grievance process

-1-

The grievance was denied and the District informed the Association that teacher discipline was a prohibited subject of bargaining under PERA, MCL 423.215(3)(m). The District also denied that it had violated Eis's right to due process because she was an at-will probationary employee and the reprimand was a fair response to the nature of the infraction.

The Association then demanded arbitration, alleging that the District violated Eis's due process rights by issuing a written reprimand without allowing Eis to give her side of the story and by failing to inform her of the investigation.

The District responded that the Association's demand for arbitration was improper because teacher discipline was a prohibited subject of bargaining under PERA, MCL 423.215(3)(m). The Association's due process claim was merely an attack on the disciplinary procedures utilized by the District which was a prohibited subject of bargaining. The District warned that if the Association did not withdraw its demand for arbitration, an unfair labor charge would be filed with MERC. The case was then held in abeyance by the arbitrator.

On August 24, 2015, the District filed an unfair labor practice charge against the Association, alleging that the Association filed a grievance concerning teacher discipline which was a prohibited subject of bargaining, MCL 423.215(3)(m), and then sought to arbitrate that grievance which was an unfair labor practice under PERA, MCL 423.210(2)(d). The District sought an order (1) finding that the Association failed to bargain in good faith in violation of PERA, (2) requiring the Association to withdraw its demand for arbitration, and (3) requiring the Association to cease and desist from grieving and demanding arbitration over prohibited subjects of bargaining.

On the same day, the District moved for summary disposition, arguing "that the Association committed an unfair labor practice by advancing the grievance concerning the prohibited subject of teacher discipline to arbitration." Teacher discipline is a prohibited subject of bargaining under PERA, MCL 423.215(3)(m). The Association responded that the due process violation alleged did not concern a prohibited subject of bargaining and that PERA did not preclude it from arbitrating the grievant's claim contesting the improper discipline.

At the hearing on the motion for summary disposition, the District argued that the Association could not pursue a grievance regarding teacher discipline. The Association responded that, because MCL 423.215(3)(m) prevents an employer from adopting a disciplinary policy that is arbitrary and capricious, its due process challenge to Eis's discipline did not concern a prohibited subject of bargaining. That is, PERA allows such a challenge to discipline that is arbitrary and capricious. The District responded that MCL 423.215(3)(m) only prevented it from adopting a *policy* of discipline that was arbitrary and capricious which does not mean that individual teacher discipline may be challenged by grievance or arbitration.

---

to resolve disputes. At the fourth level, the grievance is submitted to arbitration. However, the CBA also states that the grievance process does not apply to "[a]ny matter involving a prohibited topic for negotiation under state or federal law."

Subsequently, the administrative law judge (ALJ) for the Michigan Administrative Hearing System issued a decision and recommendation that MERC grant the District's motion for summary disposition. The ALJ noted that a union commits an unfair labor practice when it attempts to force arbitration regarding a prohibited subject of bargaining and teacher discipline is such a prohibited subject. The ALJ rejected the Association's proposed interpretation of MCL 423.215(3)(m), reasoning that when the Legislature caused decisions concerning the discharge or discipline of an individual employee to be a prohibited subject, it clearly intended those decisions not to be subject to review by an arbitrator. And to the extent that the CBA concerned this prohibited subject, it was unenforceable. The ALJ concluded that, by demanding to arbitrate the grievance on a prohibited subject of bargaining, i.e., teacher discipline, the Association violated its duty to bargain in good faith under PERA, MCL 423.210(2)(d).

Further, the ALJ rejected the Association's due process challenge arising from the disciplinary procedure because "the Legislature intended to remove all topics related to teacher discipline, including disciplinary procedures and disciplinary due process, from the realm of collective bargaining." That is, even "due process in the investigation of grievances has been removed from the sphere of collective bargaining." The ALJ noted that the Association and its members could "enforc[e] their due process rights outside of the contractual grievance process." Therefore, the ALJ concluded that the Association "violated its duty to bargain in good faith by demanding to arbitrate a grievance advancing an interpretation of the collective bargaining agreement that would require the [District] to follow certain procedures in making a decision to discipline a teacher." Consequently, the ALJ recommended ordering the Association to: (1) cease and desist from demanding to arbitrate grievances concerning prohibited subjects of bargaining under PERA, MCL 423.215(3)(m), (2) advise the arbitrator that it is withdrawing its grievance, and (3) notify the members of its bargaining unit of MERC's decision. The Association filed exceptions to the proposed order.

MERC found no error and adopted the order recommended by the ALJ. MERC held that the discipline of an individual teacher is a prohibited subject of bargaining under § 15(3)(m) of PERA and, thus, could never become an enforceable part of a CBA. Likewise, due process issues related to teacher disciplinary procedures have also been removed from the sphere of collective bargaining. And MERC rejected the Association's argument that PERA requires the use of an "arbitrary and capricious standard" with regard to the discipline of individual teachers, holding that the Legislature clearly intended to eliminate grievance arbitration as a means to challenge an individual teacher's discipline. MERC concluded that the Association's initiation of grievance arbitration in an attempt to obtain enforcement of provisions of the parties' CBA related to teacher discipline—a prohibited subject of bargaining under MCL 423.215(3)(m)—constituted a breach of the duty to bargain in good faith in violation of PERA, MCL 423.210(2)(d). This appeal by the Association followed.

The Association argues that MERC erred as a matter of law in holding that the Association violated PERA in seeking to arbitrate a grievance challenging the discipline of a teacher as arbitrary and capricious. We disagree.

When reviewing a decision from MERC, this Court reviews de novo questions of law, including issues of contract interpretation. *Macomb Co v AFSCME Council 25 Locals 411 & 893*, 494 Mich 65, 77; 833 NW2d 225 (2013). In the absence of a factual dispute, this Court will

only set aside MERC's rulings if they violate a constitution or statute, or involve a substantial and material error of law. *Id*.

We also review de novo issues of statutory interpretation. *Pohutski v City of Allen Park*, 465 Mich 675, 681; 641 NW2d 219 (2002). When interpreting a statute, this Court's goal is to "discern and give effect to the Legislature's intent as expressed in the words of the statute." *Id*. at 683. Thus, words are given their plain and ordinary meaning. *Id*. This Court gives effect to every clause and sentence, and avoids a construction that renders any part of a statute surplusage. *Id*. at 683-684. "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999).

"The PERA governs the relationship between public employees and governmental agencies." *Macomb Co*, 494 Mich at 77–78. Section 15 of PERA provides that a public employer has a duty to bargain with representatives of its employees and may enter into collective bargaining agreements with those representatives with respect to "wages, hours, and other terms and conditions of employment"—which are considered "mandatory" subjects of bargaining. MCL 423.215(1); *Detroit Police Officers Ass'n v Detroit*, 391 Mich 44, 54; 214 NW2d 803 (1974). "Permissive" subjects of bargaining are matters that the parties may bargain over which are not considered "wages, hours, and other terms and conditions of employment." *Id*. at 54 n 6. "Illegal" or "prohibited" subjects of bargaining concern matters that are unlawful or prohibited under applicable statutes. *Id*. at 54-55 n 6; *Calhoun Intermediate Sch Dist v Calhoun Intermediate Ed Ass'n*, 314 Mich App 41, 48 n 4; 885 NW2d 310 (2016). While parties may discuss prohibited subjects of bargaining, a contract provision pertaining to the prohibited subject may not be included in the collective bargaining agreement and, if it is, the contract provision is not enforceable. *Id*. at 48-50; *Mich State AFL-CIO v Mich Employment Relations Comm*, 212 Mich App 472, 487; 538 NW2d 433 (1995).

With regard to public school employers and their employees, PERA provides that certain matters are "prohibited subjects of bargaining" and that those matters "are within the sole authority of the public school employer to decide." MCL 423.215(4). In particular, MCL 423.215(3) states that collective bargaining shall not include any of the subjects listed in its subdivisions, including the subjects listed in subdivision (m):

> For public employees whose employment is regulated by . . . MCL 38.71 to 38.191 [the teachers' tenure act], decisions about the development, content, standards, procedures, adoption, and implementation of a policy regarding discharge or discipline of an employee, decisions concerning the discharge or discipline of an individual employee, or the impact of those decisions on an individual employee or the bargaining unit. For public employees whose employment is regulated by . . . MCL 38.71 to 38.191, a public school employer shall not adopt, implement, or maintain a policy for discharge or discipline of an employee that includes a standard for discharge or discipline that is different than the arbitrary and capricious standard provided under . . . MCL 38.101.

The first sentence of MCL 423.215(3)(m) contains three sections connected by the word "or," which is a disjunctive term. *State of Michigan v McQueen*, 293 Mich App 644, 671; 811 NW2d

513 (2011). This first sentence prohibits bargaining on three distinct subjects: (1) "decisions about the development, content, standards, procedures, adoption, and implementation of a policy regarding discharge or discipline of an employee," (2) "decisions concerning the discharge or discipline of an individual employee," or (3) "the impact of those decisions on an individual employee or the bargaining unit."

The Association argues, however, that it may contest decisions of individual teacher discipline under Article 6, Section 4 of the parties' CBA which provides, in pertinent part: "No employee shall be disciplined or discharged arbitrarily or capriciously." However, as also set forth in the parties' CBA, Article 20, § 1, ¶ D, no grievance may be filed pertaining to "[a]ny matter involving a prohibited topic for negotiation under state or federal law." And MCL 423.215(3)(m) clearly and plainly prohibits—through the words "shall not include"—collective bargaining regarding "decisions concerning the discharge or discipline of an individual employee." Again, CBA provisions pertaining to a prohibited subject are not enforceable. *Calhoun Intermediate Sch Dist*, 314 Mich App at 48-50; *Mich State AFL-CIO*, 212 Mich App at 487. The Legislature has made clear its intention that issues of individual teacher discharge or discipline "are within the sole authority of the public school employer to decide." MCL 423.215(4). Thus, this argument fails.

The Association also argues that grievance arbitration is not specifically prohibited under MCL 423.215(3)(m). But the purpose of arbitration is to resolve a grievance. A "grievance" is defined by the parties' CBA, Article 20, § 1, "as an alleged violation of the expressed terms and conditions of this contract relative to hours, wages, and working conditions." Thus, grievance arbitration is a means to enforce contractual rights arising from the CBA. It follows, then, that if the dispute relates to a prohibited subject of bargaining—such as individual teacher discipline—there are no grounds to file a grievance much less advance a grievance to arbitration because no contractual rights exist in that regard to be enforced, i.e., there is no violation of a contractual right arising out of the CBA.

The Association further claims that it may challenge individual disciplinary decisions that are "arbitrary and capricious" because this standard is included in the second sentence of MCL 423.215(3)(m). The Association proposes a statutory interpretation that would apply the "arbitrary and capricious" phrase from the second sentence of MCL 423.215(3)(m) to the prohibited subjects set forth in the first sentence. We reject this interpretation.

As previously noted, MCL 423.215(3)(m) has two operative sentences. When a statute uses different language in its first sentence than in its second sentence, this Court will examine the language of the respective sentences. *Pohutski*, 465 Mich at 684-685. When a statute uses different terms in different sentences, this Court should take care not to deprive those terms of meaning. See *id*.

The second sentence of MCL 423.215(3)(m) provides that "a public school employer shall not adopt, implement, or maintain a policy for discharge or discipline of an employee that includes a standard for discharge or discipline that is different than the arbitrary and capricious standard" provided in the teacher tenure act. Thus, the arbitrary and capricious standard mentioned in the second sentence applies to the school's adoption, implementation, or maintenance of *policies*—not to disciplinary decisions made with regard to individual teachers.

To conclude that this sentence applies to individual disciplinary decisions, this Court would have to disregard the introductory phrase "adopt, implement, or maintain a *policy for discharge or discipline*," MCL 423.215(3)(m) (emphasis added), that immediately precedes the arbitrary and capricious language. Accordingly, MERC did not commit legal error by concluding that individual teacher disciplinary decisions may not be challenged as arbitrary and capricious through grievance arbitration.

Finally, the Association argues that MERC erred in holding that due process issues related to teacher disciplinary procedures have also been removed from the sphere of collective bargaining. The Association bases its argument on the premise that the parties incorporated due process principles into their CBA and that, by requiring it to seek recourse in other forums, MERC's decision violates the CBA. We reject this argument. Individual teacher disciplinary decisions are a prohibited subject of bargaining under MCL 423.215(3)(m). As the ALJ and MERC held, because individual disciplinary decisions are prohibited subjects of bargaining, it follows that challenges to the procedures underlying those same decisions, including due process claims, are also prohibited subjects of bargaining. While the parties' CBA provides that "[n]o employee shall be disciplined or discharged arbitrarily or capriciously," the CBA also states that the grievance process does not apply to "[a]ny matter involving a prohibited topic for negotiation under state or federal law." Because a decision concerning the discipline of an individual teacher is a prohibited subject of bargaining, the grievance process does not apply to a claim challenging the disciplinary procedure related to that decision.

In summary, MERC properly determined that individual teacher discipline, as well as the underlying disciplinary procedures, are prohibited subjects of bargaining and that the arbitrary and capricious language of MCL 423.215(3)(m) did not apply to individual teacher discipline; therefore, the Association committed an unfair labor practice by demanding to arbitrate a grievance on a prohibited subject of bargaining in violation of PERA, MCL 423.210(2)(d).

Affirmed.


/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering